OPINION OF THE COURT
Edward M. Horey, J.
The plaintiff is the wife of the defendant. She is a second lieutenant in the United States Army and currently stationed in Virginia. She has commenced an action against the defendant for divorce on the grounds of cruel and inhuman treatment. By motion before this court, she seeks to obtain from her husband temporary alimony and counsel fees.
The defendant husband is a former enlisted man in the United States Army. Currently, he is employed by the Veterans’ Administration. He opposses the relief requested in the motion of the plaintiff. By cross motion, he seeks an order of this court directing that the plaintiff wife pay him all or part of the moneys received by her from the army denominated as "basic allowance for quarters”.
*159 The court has taken judicial notice of new army regulation No. 608-99 entitled: "Support of Dependents, Paternity Claims and Related Adoption Proceedings”, effective January 15, 1979. It has also taken judicial notice of the Department of Defense Military Pay and Allowance Manual (DODPM).
Chapter 2 of the newly effective regulations (AR No. 608-99) deals with the support of dependents. Paragraphs 2-2 and 2-3 of chapter 2 of AR No. 608-99 deals with the payment of certain moneys entitled "basic allowance for quarters” and referred to in the regulations as "BAQ”.
From those noted regulations and pay manual, it appears that payment of a "basic allowance for quarters” is not an intergral part of a service member’s compensation. It may or may not be paid. What it is, is a payment made to a service member either (a) when adequate Government quarters are not furnished the service member, or (b) are not furnished the service member’s dependents. It appears that the current BAQ payment for an unmarried service member is $156.90 per month. For a married officer with dependents, it is $204.60 per month. The monthly differential for payment with and without dependents, is thus $47.70.
The regulations note clearly that the army does not have authority to compel resolution of matters of support between a service member and his or her spouse, or other dependents. It is so stated in paragraph 2-2b, to wit: "The army does not have the authority, however, to compel resolution of these matters”. The same regulation, after urging unit commanders to attempt to find solutions to support problems, states: "If the individuals still cannot agree, they will be advised to resolve their problems through Civil Court action” (par 2-2b).
The defendant husband points to a statement contained in the regulations that provides: "Until a court order or a separation agreement is rendered specifying the amount of support, the service member will provide support payments in an amount not less than the basic allowance for quarters (BAQ) at the rates prescribed for members with dependents in Chapter 2, Part 3 DOD Military Pay and Allowances Manual (DODPM)” (par 2-2c>. This provision creates no rights to a dependent for BAQ payments. This is for the obvious reason that a service member may not be entitled to BAQ payments, nor receiving them. This regulation merely sets a standard for the quantum of support payments in the absence of a court *160 order. It is contained under paragraph 2-2, which is entitled: "Adequacy of Support in Absence of Court Orders”.
Similarly, language in the regulations providing that "[a]ll Military members will provide adequate and continuous support of their legal dependents” is merely an expression of military policy. In fact, that statement is contained in paragraph 2-1, which is entitled "Policy”. Further, the statement "[i]n the absence of an order or agreement, the member will be expected to contribute at least the full amount of BAQ at the 'with dependents rate’ contained in paragraph 2-3e”, is merely precatory language in the regulations encouraging service members to comply with stated army policy.
What is relevant to the motion for decision, is the fact that BAQ payments are not made to dependents of service personnel. They are a benefit "paid to service members to assist them in the support of their dependents” (par 2-3c). It is also relevant to note that BAQ payments are "not payable on behalf of a dependent whom a service member refuses to support” (par 2-3c).
Payments received by a service member on behalf of a dependent whom the service member refuses to support is termed "unjust enrichment” under the regulations. It is provided that "unjust enrichment to provide support is unlawful and may result in the member being indebted to the Government. An individual who submits a claim for BAQ that contains false statements is subject to court-martial or criminal prosecution” (par 2-3c).
Cases involving alleged refusal of a service member to use BAQ payments for the support of dependents are to be referred to the appropriate finance and accounting officer for initiation of action to determine whether the member is entitled to that allowance (par 2-3d). It is specifically provided that "nonsupport of dependents for whom BAQ is claimed will result in stoppage of BAQ at the 'with dependents rate’”. It may also result in collection of past BAQ received, but not provided to the dependents” (par 2-3d[l]).
All army regulations, which have been noted apply to female service members, as well as male service members. The provision is: "Female members will provide support for their dependents in the same manner required of male personnel subject to the provisions of this regulation” (par 2-3b).
Application of the noted regulations to the motion requires the following determinations.
*161 First, the defendant husband has no vested interest in the payment of basic allowance for quarters received by his service-member wife, even if the amount of BAQ payments received by her is predicated on his status as a dependent husband. This is true whether the defendant husband’s theory of recovery is based on the concept that he is the beneficiary of a trust, or a third-party beneficiary of a contract, or otherwise.
Secondly, if the plaintiff service wife is improperly receiving BAQ payments, whether by reason of claiming as a dependent, a husband who is not deemed a dependent within the meaning of army regulations, or otherwise, administrative relief, in any event, is available through army facilities and procedures. They require military investigation and determination of that issue. Also available, administratively, are military procedures to punish any offender by court-martial, or criminal prosecution, as well as the collection of past improperly received BAQ benefits.
In presenting his claim for all or part of the BAQ payments made to his wife by the army, the defendant husband has nicely and pointedly refrained from denominating it as a request for alimony payments. This is a circuitous attempt to avoid headlong confrontation with that part of section 236 of the Domestic Relations Law which provides that the "court may direct the husband to provide suitably for the support of the wife”, but contains no counterpart authorization permitting the court to provide suitably for the husband. Even if such a requirement was deemed constitutionally necessary, it would have no application here. The affidavit of defendant husband’s earnings discloses that he is "self supporting” within the meaning of section 236 of the Domestic Relations Law. So also is the plaintiff wife. Her salaried base pay as a second lieutenant of $973 a month, is nearly twice that of her husband whose gross pay for a four-week period is $540.80. In comparison to the financial status of her husband, she is better able to pay for the services of an attorney than he is. The court has considered that factor as well as "the length of time of the marriage” and "the circumstances of the case and of the respective parties” as the statute directs. (Domestic Relations Law, § 236.)
On such considerations, it is determined that the plaintiff wife’s motion for temporary alimony and counsel fees are denied.
*162 It is also determined that the defendant husband’s motion for an order allocating to him part or all of the moneys received by his wife for basic allowance for quarters from the United States Army is denied.